UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VINCENT ZAUNBRECHER, JR. | CIVIL ACTION NO. 14-CV-0426 |
| VERSUS | JUDGE DOHERTY |
| NORTHLAND INSURANCE CO. | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Before the Court is the Motion to Compel Physical Examination and/or Alternatively Motion for Relief Based on Spoliation of Evidence, which motion has been referred to the undersigned for ruling. [Rec. Doc. 14]. Opposition has been filed by the plaintiff [Rec. Doc. 19], and a reply memorandum was filed by the defendant. [Rec. Doc. 22]. Oral argument was heard on the motion on August 26, 2014.

**Factual and Procedural Background**

Vincent Zaunbrecher has alleged he was injured in a motor vehicle accident in July, 2013. He underwent cervical surgery soon thereafter. He also had shoulder surgery on another date. During discovery and the collection of medical records, it was learned that the plaintiff's treating physician, Dr. DeAraujo, had found no significant pathology in the patient's lumbo-sacral spine. Defense counsel asserts that nothing in the medical records collected or discovery responses from the plaintiff indicated that another back surgery was recommended

or contemplated until May, 2014, when a new physician, Dr. Ilyas Munshi noted a possible surgery at L4-5. On that information, in June, 2014, defense counsel wrote to plaintiff's counsel asking to be notified in advance of the lumbar surgery or any other future surgery so that a Defense Medical Evaluation (DME) could be obtained before surgery.

Defense counsel asserts that she learned on July 1, 2014 that the plaintiff would have lumbar surgery on July 9, 2014. Attorneys for both sides communicated regarding the prospects for obtaining the requested examination in advance of the surgery date, mindful of the July 4th holiday and the general short notice for accomplishing the examination. Arrangements were made for the examination by a physician in Metairie, Louisiana on July 8, 2014, the day before the scheduled surgery. When the information was conveyed to plaintiff's counsel, however, it was represented that the plaintiff refused to participate in the evaluation. The plaintiff went forward with the lumbar surgery the next day. Defendant was charged a $500.00 'no show' fee by the doctor.

By the motion before the Court, the defendant has sought to compel a DME of the plaintiff before the lumbar surgery, which aspect of the motion is now MOOT. What remains is the defendant's alternative argument that the Court should apply an adverse presumption regarding the necessity for the lumbar

surgery, including an adverse instruction to the jury at trial regarding spoliation of evidence.

The defendant asserts that (1) the plaintiff was on notice of the defendant's desire for a pre-surgery medical evaluation; (2) no medical records available to the defendant showed pathology indicative of surgery, and (3) had the examination gone forward, the additional medical opinion would have either confirmed the need for surgery or shown that surgery was unnecessary. That loss prejudices the defendant.

In response to the motion, the plaintiff argues that the DME request on the eve of the scheduled surgery was unreasonable in its timing and as to the travel required of the plaintiff to accomplish the examination in New Orleans. Nevertheless, plaintiff's counsel concedes that the surgery could have been postponed to accommodate the request. Plaintiff's counsel maintains that there is no evidence of bad faith by the plaintiff, which would be required for the defendant to obtain the relief sought by the motion.

## Applicable Law and Analysis

The severity of the sanctions sought by the defendant depends on (1) the degree of fault; (2) the degree of prejudice suffered by the mover; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing

party and would serve to deter such conduct by others in the future. *Pascal's Manale Restaurant Inc. v. United National Insurance Co.*, 2008 WL 1774131(E.D.La. 2008); *Savarese v. Pearl River Navigation, Inc.*, 2010 WL 1817758(E.D.La. 2010); *Allen v. Resto*, 2013 WL 2152177(E.D.La. 2013).

Despite the arguments of the parties, it is the finding of the undersigned that there are insufficient facts and evidence in the record to make a proper determination relative to the issue of spoliation, and therfore, discovery will be allowed on that issue. Therefore, the decision on the motion will be DEFERRED as to the requests for adverse presumptions and adverse jury charges regarding spoliation.

IT IS ORDERED that the parties proceed with discovery addressing the spoliation issue and may include inquiry into spoliation in the taking of testimony from the plaintiff, his treating doctors, and any other physician who may conduct an examination at the defendant's request.

At such time as the discovery process is completed, the Court will allow supplemental briefing and submission of evidence on the issue of whether spoliation has occurred, and if so, whether the plaintiff was in bad faith and whether the defendant has been prejudiced.

IT IS ORDERED that a telephone status conference among the parties will be held on **September 26, 2014, at 9:30 a.m.** for discussion of the progress of the discovery effort.

Signed at Lafayette, Louisiana this 26th day of August, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge.